# 558-15

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

ORIGINAL

PEDRO BELTRAN BATALLA
   APPELLANT

V.

THE STATE OF TEXAS
   APPELLEE

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 18 2015

Abel Acosta, Clerk

APPEALED FROM CAUSE NUMBER FOR
TRial NO 1289953 in The 182nd District
court of Harris county, TEXAS, TRial Judge
JEANNINE BARR

PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

MAY 22 2015

Abel Acosta, Clerk

PEDRO BELTRAN BATALLA
APPELLANT # 1886055
STILES UNIT
3060 FM 3514
Beaumont TEXAS
            77705

Appellant pro se

1.

# IDENTIFICATION OF THE PARTIES

Complete list of the names of all interested parties

Counsel for State: ANGELA SMITH

Appellant of defendant: PEDRO BELTRAN BATALLA

Counsel at Trial JIMMY ORTIZ

Trial Judge JEANNE BARR

Prison mail Box Rule
Under The Prison
mail Box Rule Documents
Deemed " FILED "
with The clerk upon delivery
To prison officials for mailing,
provised proceedure for sending
Legal mail.

Houston V. LACK
487 US 266, 274
L.Ed 2d. 245 (1988)

2.

# TABLE OF CONTENTS

IDENTIFICATION OF the PARTIES .............2.

TABLE OF CONTENTS ...........................

INDEX OF AUTHORITIES .................4 5

POINT OF ERROR NUMBER ONE .............10

POINT OF ERROR NUMBER TWO ..............13

POINT OF ERROR NUMBER THREE ............14

STATEMENT REGARDING ORAL ARGUMENT..........6

PRELIMINARY STATEMENT .................7

STATEMENT OF FACTS .................8

# INDEX OF AUTHORITIES

Cases

State

Borjan v. STATE, 715 S.w.2d 94 (Tex App. San Antonio 1986)........ 13,15

Burke v. state 652 S.w.2d 788 (TEX. Crim App 1983)..........16

Dinkins v. state 894 S.w.2d 330 (Tex crim App 1995)........10

Fuentes v. state, 664 S.w.2d 333 (TEX cr. App. 1984)........13

Guddis v. state 753 S.w.2d 396 (TEX. crim App 1988)........10

Gomez v. state 704 S.w.2d 77 (TEX. crim App. 1985)........10

Good v. state 723 S.w.2d 734 (Tex crim App 1986)........16

Guidry v. state 9 S.w.3d 133 (TEX crim App 1999)........11

Harris v. state, 905 S.w.2d 708 (TEX App - Houston [14th Dist] 1995...13

Harris v. state, 122 S.w.3d 871 (TEX App - Fort worth 2003........13

Hughes v. state 878 S.w.2d 142 (Tex crim App 1992........15

Irving v. state 574 S.w.2d 5 (Tex cr App. 1998........13

Johnson v. state, 698 S.w.2d 154 (TEX cr App 1985)........13

Jordan v. state 646 S.w.2d 946 (TEX crim App 1983)........13 16

Logan v. State 698 S.w.2d 680 (Tex cr. App. 1985)........14

Long v. State 823 S.w.2d 259 (Tex crim App 1991)...........12

Lopez v. State 500 S.w.2d 844 (Tex cr App. 1973)............14

McGee v. State 994 S.w.2d 229 (Tex crim App 1984)..........10

McKay v. State 907 S.w.2d 23 (Tex crim App 1985)...........13

Melton v. State 713 S.w.2d 107 (Tex crim App. 1985)........14

Pholillu v. State, 342 S.w.3.d 783 (Tex. App Houston) 14th Dist 2011]....10

Pena v. State 129 S.w.2d 667 (Tex crim App. 1939)............13

Sandonal v. State 52 S.w.3d 851 (Tex App-Houston[1st Dist]2001---11

Walker v. State 664 S.w.2d. 338 (Tex crim. App 1984.........11

Wesbrook v. State 29, S.w.3d 103 (Tex crim App 2000)......13

Wood v. State 18 S.w.3d 644 (Tex crim App 2000)........10

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APPP 35. Appellant waives oral argument since THE Facts and legal arguments are presented adequately in The RECORD and Briefs and The decisional process would not be aided significantly by oral argument

TO THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS


PRELIMINARY STATEMENT

Appellant was charged by indictment with Indecency with child (T. 7.) Appellant Plead "Not Guilty" to The indictment and the case proceeded to trial before a Jury (T. 164 R. III p. 5). Following The Trial The Jury found Appellant "Guilty as charged in the indictment (T. 164. R. VII p. 4). The case Then proceeded to the punishment phase and Jury assessed punishment at confinement for life in The institutional division TDCJ (T. 164. R. VIII p. 41). It is from This conviction that he Appeals as an indigent (T. 164). Appellant timely filed written Notice of Appeal (T. 16).

# STATEMENT OF FACTS

In march of 2010 Xenia Navarro was visiting her grandmother's house

RIV pp. 21-22) There was no else in The Room (R.IV P. 24).

## GROUNDS FOR REVIEW

### GROUNDS FOR REVIEW NUMBER ONE

THE Trial court erred in permitting The improper Jury argument of the Prosecutor during The Punishment Phase of The trial over Appellant's timely objections The uninvited comments made by The prosecutor were so prejudicial that The Jury's deliberation was improperly influenced, when assessing The severity of an improper Jury argument our primary Focus is The prejudicial effect of The misconduct. (citation omitted) In deciding whether prejudice was incited, we examine The statement in light of the Facts adduced at trial and in The context of The entire argument "" Padilla v. State 342 S.W. 3d 983 994 (Tex. App-Houston [ 14th Dist 2011], citing McGee v. State 774 S.W. 2d 229, 239 (Tex Crim App 1989), Gaddis v. State 753 S.W. 2d 396, 398 (Tex Crim App 1988): Wood v. State 18 S.W. 3d 642 648 (Tex Crim App 2000).

Proper Jury argument Falls into one of Four possible categories: 1) a summation of the Evidence; 2) a reasonable deduction from The evidence 3) a response to an opponent's argument; or 4) a Plea For law enforcement. Gomez v. State 704 S.W 2d 770 771 (Tex crim App 1985)." Generally, when an argument Fall outside of These areas error occurs. Dinkins v. State, 894 S.W. 2d 330. 357.

10.

(Tex crim App. 1995) Guidry v. State 9 S.W 3d 133 154 (Tex crim App. 1999). Sandoval State 52 S.W. 3d 851 (Tex App = Houston [1st Dist] 2001). The argument by The prosecutor in The instant case does not fall into any of of These categories There can be no doubt that such disregard by The prosecutor For adhering to The requirements for addressing a Jury in closing argument did harm Appellant and should have been addressed by The Trial court

The Following argument was presented by State at The close of evidence in The guilt-innocence phase of The instant case:

(By ms Smith) And when you're looking at The evidence, folks, what does it boil down to? It boils down to whether or not you believe This child And when you come out Here with your verdict, you're letting this child know whether or not you believe her And she's mr ortiz.

After the court overruled Appellant's objection the improper conduct of the state continued. As the closing argument wandered further outside the permissible scope, the state clearly sought to have the jury disregard Appellant's right to a presumption of innocene and shift the ultimate burden of proof.

(By mrs smith) But you know what Bring it on the state absolutely has a burden to bring you the evidence and we did If there's any dispute to the evidence or reasonable doubt, Then fine we haven't met or burden But if - The burden never shifts, we always have the burden. But the defense has the same subpoena power That we do, And if the defense wanted to bring in witnesses That disputed that confession for example, If you wanted to hear from this man's wife or his daughter

MR. ORTIZ Judge I'd object at the point that the prosecutor's shifting the burden that the defense provide any kind of evidence

The COURT: That's Sustained
(RvL p. 35)

Appellant is entitled to a fair trial without improper argument by the state
Long V. State 823 s.w.2d 259 267 (Texas crim App (1991)

The state is not

12

allowed to invite The Jury to speculate about matters outside THE Record. Borjan v. state, 715 S.W. 2d 94. 93 (Tex App - San Antonio 1986); walker v. state 664 S.W. 2d 338, 340 (TEX. crim. App. 1984); Jordan v. State 646 S.W. 2d 946 949 (Tex crim App 1983). The object and principal purpose of an argument to the jury .... is to aid and assist Them In properly analyzing The evidence and arriving at a just and reasonable conclusion based on The evidence Alone and not on any Fact not admitted in evidence Not should resort be had in argument to arouse The passion or prejudice of The jury by matters not properly before Them " Pena v. state 129 S.W. 2d 667, 669 (Tex. crim App. 1939).

## GROUND FOR REVIEW NUMBER TWO

## THE EVIDENCE WAS LEGALLY INSUFFICIENT

Jury argument which exceeds proper bounds is reversible when that argument is extreme manifestly improper violative of a mandatory statute or injects new facts harmful to the defendant Harris v. State. 905 S.w.2d 908, 910 (Tex. App-Houston [14th Dist] 1995). citing McKay v. State 707 S.w. 2d 23 26 Tex. Crim. App. 1985); Also Wesbrook v. State 29 Sw. 39 103 115 (Tex Crim App. 2000) and Harris v. State 122 S.w. 3d 821 (Tex App-Forth Worth 2003). Reference to facts that are neither in evidence nor inferable from the evidence is improper Johnson v. State 698 S.w. 2d 154 169 (Tex. cr. App. 1985) citing Fuentes v. State 664 S.w. 2d 333 (Tex cr App. 1984) and Iring v. State 593 S.w. 2d 51 (TEX cr App 1928).

13.08

# GROUND FOR REVIEW NUMBER THREE

It is clear that the prosecutor's arguments in the instant case endeavored to deprive Appellant of his right to presumption of innocence In this regard the state was attempting to shift the burden of proof to the defendant. This argument was improper because it was a clear violation of Appellant's constitutional Rights to due process and a fair trial It was clearly harmful in Its intent and its effect on the mindset of the Jury going into its deliberation, such a statement was unnecessary and without excuse, serving only to confuse the Jury at a critical moment in the trial when the court's instruction to disregard is insufficient To cure the error such as when the state's argument is clearly calculated to inflame the minds of the Jury and it would be impossible to remove the harmful impression reversal is required Melton v. state, 713 S.W.2d 107, 114 (Tex. crim. App. 1985) Also Lopez v. state, 500 S.W.2d 844 (Tex. cr App 1973 and Logan v. state 698 S.W.2d 680 (Tex Cr App. 1985)

Judge Teague is compelling in his dissent in Borjan as he discusses the harm inherent in allowing prosecutors to stretch the boundaries of permissible jury argument, First, he reminds prosecutors of their true role in a criminal prosecution: A prosecuting attorney occupies a position of great responsibility, power, authority, and trust and his personal desire for victory, no matter how great, is always placed on the back burner during a trial no matter how despicable He might believe the accused might be, because he is there on behalf of all the People of TEXAS to see that Justice is done, or to see that an injustice is not perpetrated on the defendant.
Borjan v. state 787 S.W.2d 53, 59 (Tex Cr App 1990).

14.

## PRAYER FOR RELIEF

Appellant prays that this Honorable court reverse his conviction and render a judgment of acquittal remand the case for retrial. And the court of Appeals did not correctly resolve this issue.

RESPECTFULLY SUBMITTED

_Pedro Batalla B._
PEDRO BELTRAN BATALLA
#1886055
Stiles
3060 Fm 3514
Beaumont TX 77705

CERTIFICATE OF SERVICE

I certify that a two true copies of Appellant's Petition for Discretionary Review to the criminal District Attorney placed in the united state's mail addressed to the state Prosecuting Attorney INTO the court of Criminal Appeals for the state of TEXAS

____14____ day of May 2015

PRO SE

15

**Affirmed and Memorandum Opinion filed April 16, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00810-CR

_____

## PEDRO BELTRAN BATALLA, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1287753**

## M E M O R A N D U M   O P I N I O N

A jury convicted Pedro Beltran Batalla of indecency with a child and found the enhancement paragraph alleging a prior conviction for indecency with a child to be true. The jury sentenced appellant to confinement for life. Appellant filed a timely notice of appeal and complains of two instances of improper jury argument by the State. Concluding that one argument was not improper and that appellant's complaint regarding the other argument was not preserved, we affirm.

## BACKGROUND

The complainant, appellant's four-year old granddaughter, told her mother, appellant's daughter, that appellant had touched her genitalia. Appellant was confronted with the allegation at a family meeting two days later and admitted to molesting the complainant. Appellant requested that he be allowed to turn himself into the police, but his daughter reported appellant's conduct. Appellant fled the home shortly after the meeting and was not seen by his son or daughter until the trial.

## IMPROPER ARGUMENT

Appellant's sole issue on appeal claims the trial court erred in permitting improper argument by the State. Appellant's brief refers to two arguments made by the State during closing argument in the guilt-innocence phase. The first reference is to the following:

> And when you're looking at the evidence, folks, what does it boil down to? It boils down to whether or not you believe this child. And when you come out here with your verdict, you're letting this child know whether or not you believe her. And she's --
>
> [Defense Counsel]: Judge, I'm going to object. It's improper argument whether they believe the child.
>
> THE COURT: Overruled.

The record reflects that before the State made this argument, defense counsel argued in his closing statement that the complainant's testimony was not credible. Counsel stated that "what you heard from [the complainant] was quite a different story than what was, I believe, mentioned in the medical records, what her mother mentioned she said, what she told you just a couple of days ago . . . ." Counsel referred to specific inconsistencies between the testimony of the complainant and her mother. Counsel challenged the complainant's version of events, asking "is that

2

reasonable? Does that make sense? It doesn't. Because it didn't happen there." Counsel recounted the complainant's testimony that her mother "would ask [her] questions and would tell [her] what happened." Counsel argued "when you go through all the inconsistencies, especially how [the complainant] says it happened and what her mother saw . . . . There's doubt there . . . ." Counsel pointed out that "[o]ne of the final things that [the complainant] said during her interview—during the interview was that it happened in [his son's] room also. Well, we clearly know that, according to [the complainant's] testimony, that never happened. Mom even said that she's never been in that room. So, just yet another thing. There are too many inconsistencies in this case, and we don't know what the [complainant] was told or what to say by Mom way back when."

To be permissible, jury argument must fall into one of four areas: (1) summation of evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Gallo v. State*, 239 S.W.3d 757, 767 (Tex. Crim. App. 2007); *Mason v. State*, 416 S.W.3d 720, 736 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Counsel's remarks during final argument must be considered in the context in which they appear. *See Denison v. State*, 651 S.W.2d 754, 761 (Tex. Crim. App. 1983).

Defense counsel argued in his closing that the complainant's testimony was inconsistent and possibly the result of being coached by her mother, thereby challenging the credibility of the complainant. Because the State's argument was made in answer to defense counsel's arguments, we hold it was not manifestly improper. *See Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).

Appellant's second reference is to this argument:

And if the defense wanted to bring in witnesses that disputed that confession, for example, if you wanted to hear from this man's wife or

3

his daughter --

[Defense Counsel]: Judge, I'd object at this point that the prosecutor's shifting the burden that the defense provide any kind of evidence.

THE COURT: That's sustained.

"To preserve error in prosecutorial argument, a defendant must pursue to an adverse ruling his objections to jury argument." *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). The failure to request an instruction for the jury to disregard forfeits appellate review of errors that could have been cured by such an instruction. *See Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004). If such an instruction could not have "cured" the objectionable event, a motion for mistrial is the only essential prerequisite to presenting the complaint on appeal. *Id.* In this instance, no request for an instruction to disregard was made and there was no motion for a mistrial. Because the trial court afforded appellant all the relief he requested, nothing is presented for our review concerning this argument. *See* Tex. R. App. P. 33.1.

For the reasons stated above, we overrule appellant's issue and affirm the trial court's judgment.

/s/    J. Brett Busby
Justice

Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

4